IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED SPECIALTY INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | |
| v. § § | **CIVIL ACTION NO.:** _____ |
| § § | |
| **MARK JAMES, individually and d/b/a MARWAN TRUCKING, INC., KAY SAVAGE TRUCKING INC., WEBBER, LLC,** § § § § § | |
| **Defendants.** § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff United Specialty Insurance Company ("USIC") respectfully submits this Original Complaint for Declaratory Judgment against Mark James d/b/a Marwan Trucking, Inc., Kay Savage Trucking Inc., and Webber, LLC seeking a declaration of its rights and obligations under a relevant insurance contract, as follows:

## I.
## PARTIES

1. Plaintiff USIC is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Dover, Delaware. At all relevant times, USIC was authorized to do business in the State of Texas.

2. Defendant, Mark James, is an individual and a citizen of the State of Texas, and may be served with process at 16534 Beckland Lane, Houston, Texas 77084.

3. Mark James d/b/a Marwan Trucking, Inc. is a company organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas. Defendant may be served with process by serving its registered agent, Mark James, at 16534

Beckland Lane, Houston, Texas 77084.

4. Kay Savage Trucking Inc. is a company organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas. Defendant may be served with process by serving its registered agent, Kristie L. Savage, at 8619 CR 200, Alvin, Texas 77511.

5. Webber, LLC is a company organized and existing under the laws of the State of Texas with its principal place of business in The Woodlands, Texas. Defendant may be served with process by serving its registered agent, Mario M. Menendez, at 1725 Hughes Landing Boulevard, Suite 1200, The Woodlands, Texas 77380.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 2201 and 2202 insofar as USIC now seeks a declaration of its rights and obligations under the insurance policy at issue. Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claim occurred in this District and Division and all of the defendants are located in the District.

8. Plaintiff brings this suit for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment adjudicating the rights and duties to defend, indemnify, and/or settle claims asserted against Mark James d/b/a Marwan Trucking, Inc. asserted in the Underlying Lawsuit more fully discussed in the allegations set forth below. United Specialty Insurance Company was the insurer for the Defendant under a policy in effect at the time of the allegations giving rise to the underlying claim.

## III.
## FACTS

**A.    THE UNDERLYING LAWSUIT**

9.   On June 8, 2017, Mark James was allegedly injured while at Webber Road Construction ("Webber, LLC") for a scheduled load pickup. As the load was being placed on the rear of his flatbed using a crane, the crane operator allegedly repositioned the load barrier due to his recognition of exposed cables. Mr. James was purportedly simultaneously attempting to manually reposition the exposed cables when the crane operator attempted to lift the load in order to mechanically reposition the exposed cables. Mr. James's hand was allegedly still wrapped in the dangling cables, and in a panic from seeing his body lifted by the crane and in fear of losing his arm, reacted by pulling his arm back aggressively. This allegedly resulted in Mr. James losing his right thumb and undergoing extensive treatment following his thumb's amputation.

10.   Mark James thereafter filed a lawsuit styled *Mark C. James v. Webber LLC and Kay Savage Trucking, Inc.,* in cause number 2019-1847-5 in the 414th District Court of McLennan County, Texas (the "Underlying Lawsuit"). On August 14, 2019, Webber LLC filed a third-party petition against Marwan Trucking, Inc. seeking contribution and/or common law indemnity for Webber LLC in the Underlying Lawsuit. The attorney for Mark James tendered that third-party petition to USIC, seeking a defense and indemnity for Marwan Trucking, Inc.

11.   In a letter dated February 21, 2019, Kay Savage Trucking, Inc. had previously tendered its request for defense and indemnity to USIC as an alleged additional insured under the policy wherein Mark James d/b/a Marwan Trucking, Inc. is the named insured.

12.   USIC declined to accept the tender of defense and indemnity from Kay Savage Trucking, Inc. or that from Marwan Trucking, Inc. and USIC now seeks the relief requested herein.

B.    **THE USIC POLICY**

13.    USIC issued a Commercial Auto Liability Policy number SWD-TX3003072 (the "Policy") to Mark James d/b/a Marwan Trucking, with a policy period of June 14, 2016 to June 14, 2017.

14.    The Policy provides in relevant part as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.    Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

…

We will have the right and duty to defend any "insured" against a "suit" asking for such damages…However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate.

**1.    Who Is An Insured**

The following are "insureds":

**A.**    You for any covered "auto" only when the covered "auto" is driven by an approved driver described in paragraph "B" of this section II.A.l.

**B.**    Any driver authorized as a commercial truck driver while Operating covered "auto" with your knowledge and consent under your operating authority. No coverage will apply to any driver newly placed in service after the policy begins until you report that driver to us and we advise you in writing that he/she is acceptable to us and that he/she is covered under the policy. Coverage on any such driver newly placed in service will become effective as of the date and time we advise you he/she is acceptable and that they are covered by the policy and not before. Subject to the reporting method outlined and agreed to in the notification procedure outline signed by the insured and the agent prior to coverage being affected under the policy.

**B.    Exclusions**

This insurance does not apply to any of the following:

…

    **4.**    **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a.  An "employee" of the "insured" arising out of and in the course of:
    (1) Employment by the "insured"; or
    (2) Performing the duties related to the conduct of the "insured's" business…

…

    **8.**    **Movement of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

…

    **9.**    **Operations**

"Bodily injury" or "property damage" arising out of the operation of:

a.  Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

b.  Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

. . .

**SECTION VI – DEFINITIONS**

**A.**    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".
…

**C.**    "Bodily Injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.
…

**K.**    "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

    **1.**    Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

…

    **4.**    Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:
        **a.**  Power cranes, shovels, loaders, digger or drills;

**DESIGNATED INSURED FOR COVERED AUTOS LIABILITY COVERAGE** [CA 20 48 10 13]

…

## SCHEDULE

…

KAY SAVAGE TRUCKING, INC.
5334 ALLISON RD.
HOUSTON, TX. 77048

…

Each person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph **A.1.** of Section II – Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms and Paragraph **D.2.** of Section I – Covered Autos Coverages of the Auto Dealers Coverage Form.

    \* \* \*

15.    Additionally, the COMMON POLICY DECLARATIONS lists "Mark James DBA Marwan Trucking" as the Named Insured.

## IV.
## NO COVERAGE UNDER THE USIC POLICY

16.    The USIC Policy does not require USIC to defend or indemnify any Defendants in connection with the Underlying Claim or with respect to any other claim arising from the accident at issue, because the Policy does not provide coverage for bodily injuries resulting from the movement of property by a mechanical device, as stated in the Movement of Property By

Mechanical Device Exclusion.

17. The USIC Policy does not create any duty to defend or indemnify Defendants in connection with the Underlying Claim or with respect to any other claim arising from the accident at issue, because the Policy does not provide coverage for bodily injuries arising out of the operation of "mobile equipment," as stated in the Operations Exclusion.

18. Pleading in the alternative, the USIC Policy does not create any duty to defend or indemnify Defendants in connection with the Underlying Claim or with respect to any other claim arising from the accident at issue, because the claimant named in the Underlying Claim is the Named Insured under the Policy, which seeks to subvert policy holding that liability policies insure against claims for bodily injury or property damage resulting from the negligence of the insured. Only the negligence of the crane operator and Webber, LLC is cited by Defendants.

19. Finally, the USIC Policy does not provide any coverage to Marwan Trucking, Inc. because it is not named as an insured under the Policy. The Policy covers Mark James d/b/a Marwan Trucking, a sole proprietorship, and Marwan Trucking, Inc. is a non-insured corporation.

## V.
## REQUEST FOR DECLARATORY RELIEF

20. Plaintiff USIC incorporates by reference the allegations and averments contained in Paragraphs 1 through 19 above, as though set forth fully herein.

21. USIC invokes this Court's power to render a declaratory judgment. As set forth above, there is an actual controversy concerning the insurance coverage available to Defendants Marwan Trucking, Inc. and Kay Savage Trucking, Inc. in connection with the Underlying Claim brought by Mark James.

22. The terms of the USIC Policy are clear and unequivocal. USIC has neither a duty to defend nor a duty to indemnify any defendant, by application of the facts and conditions of the

Policy set forth above and applicable Texas law.

23. For these reasons, Plaintiff USIC asks that it be granted the following relief from this Court:

    A.    A declaration that, in any event, USIC does not owe any duty to defend or indemnify Marwan Trucking, Inc. or Kay Savage, Trucking, Inc. in the Underlying Claim; and

    B.    such other and further relief as the Court deems just and equitable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff USIC prays for judgment declaring the rights and obligations of the parties as set forth above, and for such other and further relief, both at law and in equity, as it may show itself justly entitled.

Respectfully submitted,

**COX P.L.L.C.**

_____
**CLINT V. COX, IV**
State Bar No. 24040738
ccox@coxpllc.com
**STEVEN R. SHATTUCK**
State Bar No. 18133700
sshattuck@coxpllc.com
7859 Walnut Hill Lane, Suite 310
Dallas, Texas 75230
(214) 444-7050
(469) 340-1884 facsimile

**ATTORNEYS FOR UNITED SPECIALTY INSURANCE COMPANY**